# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 CR 434 | **DATE** | 5/18/2000 |
| **CASE TITLE** | USA vs. Michael Black | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Order. Black's motion for continuance, enlargement of time is denied. (241-1)

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | MAY 19 2000 | |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | 243 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 5/18/2000 | |
| | | date mailed notice | |
| SN | courtroom deputy's initials | SN | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA, )
)
        Plaintiff, )
)
v. ) No. 98 CR 434
)
MICHAEL BLACK, )
) **DOCKETED**
        Defendant. )
MAY 1 9 2000

MEMORANDUM ORDER

Michael Black ("Black") was one of two defendants who ultimately went to trial on a ten-count superseding indictment that had originally charged nine defendants with various criminal violations relating to the same conspiracy to import and distribute heroin.[1] At the conclusion of the trial the jury found Black guilty of the drug conspiracy count (Count Two) and a substantive drug count (Count Eight), while acquitting him on charges of being a felon in possession of a firearm (Count Nine) and the possession of a firearm that had its identification obliterated (Count Ten).

Now Black has filed a pro se "Motion for Continuance, Enlargment of Time," seeking relief from the one-year period prescribed by 28 U.S.C. §2255 ("Section 2255") for the filing of

---

[1] Of the other seven defendants, six pleaded guilty and the other was and still is a fugitive.

a Section 2255 motion attacking his sentence. Black speaks of that one-year period as running out in June 2000, apparently measuring the time from the June 7, 1999 jury verdict (a matter on which this Court expresses no view).

Because Section 2255 establishes a statute of limitations, Black is mistaken in assuming that this Court can grant a "continuance" of a timetable that, as here, has been prescribed by Congress. And although several other Courts of Appeals have held that equitable tolling is available to extend the deadline beyond the applicable one-year period, our own Court of Appeals has (without deciding the question definitively) cast doubt on the availability of that equitable doctrine in light of the <u>express</u> tolling provisions that are set out in the statute itself.

It is inappropriate for this Court to issue what amounts to an advisory opinion, despite Black's present pro se status. Under the circumstances, then, Black's motion for a continuance must be denied. If and when he does file a Section 2255 motion, and if by reason of its date of filing the government were to move to dismiss the Section 2255 motion as time-barred, this Court would then properly be called on to address the issue in the context of a full-fledged and real-world factual scenario,

rather than the more generalized position currently set out by Black.

								 /s/ Milton I. Shadur
								 _____
								 Milton I. Shadur
								 Senior United States District Judge

Date: May 18, 2000