# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 CR 434 | **DATE** | 11/12/2003 |
| **CASE TITLE** | USA vs. Michael Black | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Order. Accordingly this Court must, and it does hereby, deny Black's motion for lack of subject matter jurisdiction. If he is to obtain any relief, he must look to the Bureau of Prisons for that purpose.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | NOV 13 2003 | |
| | Notified counsel by telephone. | date docketed | 291 |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 11/12/2003 date mailed notice | |
| SN | courtroom deputy's initials | 03 NOV 12 AM 3:37 | SN mailing deputy initials |
| | | Date/time received in central Clerk's Office | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA, )
 )
          Plaintiff, )
 )
v. ) No. 98 CR 434
 )
MICHAEL BLACK, )
 )
          Defendant. )

DOCKETED
NOV 1 3 2003

MEMORANDUM ORDER

Michael Black ("Black"), setting out a series of serious physical problems that he has encountered during his incarceration, has just submitted a self-prepared motion for the reduction of the 168-month sentence imposed by this Court well over four years ago (on June 6, 1999). But the difficulty with Black's motion is that this Court is simply without power--without jurisdiction--to grant him any relief at this point.

Fed. R. Crim. P. ("Rule") 35 provides the narrowest of windows for action by a district court once sentence has been pronounced: Rule 35(a) grants just seven days after sentencing to correct a sentence that involves a "clear error," while Rule 35(b) allows any later reduction of a sentence only if the government files a motion under the conditions set out there. Thus the Rule gives Black no comfort.

Perhaps realizing that, Black begins his current motion by pointing to a statutory provision:

> This Court has jurisdiction to reduce defendant's
> sentence pursuant to Title 18 United States Code

§3582(c)(2).

But that simply misreads the cited statute, which by its terms applies only where the sentencing range for a defendant's offense has later been lowered by the Sentencing Commission--as United States v. Early, 27 F.3d 140, 142 (5th Cir. 1994)(per curiam) has said:

> Finally, Early's motion cannot be considered one pursuant to 18 U.S.C. §3582(c)(2), as that particular subsection of the statute discusses the possible modification of a term of imprisonment when the term of imprisonment has been based on a sentencing guidelines range that has subsequently been lowered by the Sentencing Commission.

And the companion to that provision, 18 U.S.C. §3582(c)(1), is likewise a narrow avenue of relief: It permits the post-sentencing reduction of a term of imprisonment only upon motion of the Director of the Bureau of Prisons or under Rule 35 (already discussed here). So no statute allows for this Court's consideration of Black's motion either.

Accordingly this Court must, and it does hereby, deny Black's motion for lack of subject matter jurisdiction. If he is to obtain any relief, he must look to the Bureau of Prisons for that purpose.

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　Milton I. Shadur
　　　　　　　　　　　　　　　　Senior United States District Judge

Date: November 12, 2003

2