IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL BLACK, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 98 CR 434-9 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

MEMORANDUM ORDER

On June 9, 2007 this Court issued a memorandum order (the "Order") denying the then most recent effort by Michael Black ("Black") to attack the sentence that had been imposed on him and that he is now serving--this time via a petition for a writ of audita querela. Now Black, continuing to act pro se, has tendered two motions, one seeking leave to supplement his petition for that writ and the other seeking reconsideration and clarification of the Order. Because consideration of the latter motion essentially obviates any need to deal in substantive terms with the former, which would not change the result in any event, this Court turns to the proposal for reconsideration and clarification.

To begin with, Black mistakenly asserts that the Order failed "to make specific findings of fact and conclusions of law," citing as authority for that contention Fed. R. Civ. P. 52(a). But that requirement is simply inapplicable to a court's writing such as the Order--one that dispatches a pleading for its

legal insufficiency.

More substantively, Black purports to find in <u>United States v. Booker</u>, 543 U.S. 220 (2005) a holding that if accepted would invalidate <u>all</u> pre-<u>Booker</u> sentences, on the premise stated in Black's Motion for Reconsideration at 2-3:

> Therefore, the District Court had no statutory authority pursuant to 18 U.S.C. §3553(b)(1) to impose petitioner's sentence or issue his judgment and commitment. The lack of statutory authority to make particular order or judgment is akin to lack of subject-matter jurisdiction, and is subject to collateral attack. See <u>46 Am. Jur. 2d §24 Note 3</u>.

That is simply not the law. <u>Booker</u> has not emptied out the federal prisons by invalidating all sentences, no matter how old, that were imposed under the then-universal understanding that the Sentencing Guidelines were mandatory.

That then calls for the denial of Black's Motion for Reconsideration and Clarification. And because his Motion To Amend Pleading would do nothing more than advance the same contention that Black's sentence was rendered void by <u>Booker</u>, that motion is also denied.

_____
Milton I. Shadur
Senior United States District Judge

Date: July 9, 2007

2