IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,   )
                            )
    Plaintiff-Appellee,     )
                            )
    v.                      )   No.  98 CR 434-9
                            )
MICHAEL BLACK,              )
                            )
    Defendant-Appellant.    )

MEMORANDUM ORDER AND STATEMENT

Michael Black ("Black"), acting pro se, has filed a notice of appeal from this Court's orders of June 19 and July 9, 2007[1] that rejected his most recent effort to attack the sentence that had been imposed on him and that he is now serving--this time via a petition for a writ of audita querela. Although it is unclear whether such an effort requires compliance with the certificate of appealability ("COA") provisions that apply to appeals from the denial of motions under 28 U.S.C. §2255,[2] this Court will address that subject out of what may be an abundance of caution.

But before it does so, this Court turns to Black's required compliance with Section 1915. Although an effort to obtain a writ of audita querela regarding a federal sentence may perhaps, like a Section 2255 motion, be treated as a continuing part of the underlying criminal case so that no filing fee is required,

---

[1] That July 9 order mistakenly referred to the earlier one as dated June 9. Copies of both orders are attached.

[2] All further references to Title 28's provisions will simply take the form "Section--."

an appeal carries its own independent filing fee requirement, thus obligating Black to pay the $455 aggregate of such fees. Hence Black is ordered either to pay the $455 in fees or, alternatively, to submit pursuant to Section 1915:

> 1. a completed In Forma Pauperis Application (copies of the form for that purpose are being sent to him together with a copy of this order) and
>
> 2. a printout covering all transactions in his prisoner trust fund account for the six-month period preceding his notice of appeal.

If Black pursues the latter course, this Court will promptly determine his eligibility for in forma pauperis status and, if he is so eligible, the initial partial payment required pursuant to Section 1915(b)(1).

As for Black's possible need for a COA, this Court's June 19 and July 9 orders explain the lack of merit in Black's most recent attempt to challenge his conviction and sentence. It therefore declines to issue such a COA.

If a COA is indeed required before Black may proceed with his appeal, Black is of course entitled to apply to the Court of Appeals for that COA pursuant to Section 2253(c)(1). In the meantime, however, he is required to comply with the Section 1915 requirements set out at the outset of this order on or before August 20, 2007 (unless in that instance he advises this Court

2

that he has requested a printout of his trust fund account transactions but its production has been delayed). If he fails to conform to the provisions in this paragraph, this Court would expect to recommend to our Court of Appeals that the appeal be dismissed for nonpayment of the filing fees or of the initial payment on account of such fees, as the case may be.

                                                          _____
                                                          Milton I. Shadur
                                                          Senior United States District Judge

Date: July 31, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| MICHAEL BLACK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 98 CR 434-9 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

<u>MEMORANDUM ORDER</u>

This Court has just received the most recent submission from Michael Black ("Black"), who continues his pro se post-conviction efforts to obtain relief from the 168-month sentence imposed by this Court some eight years ago (on June 6, 1999).[3] This time Black captions his submission "Petitioner's Writ of Audita Querela," hoping that his thus-labeled request will not run afoul of the prohibition against successive motions under 28 U.S.C. §2255.

But in doing so, even though Black says he recognizes the limitations on the issuance of such a writ (on that score he cites our Court of Appeals' affirmance of this Court's denial of the writ in <u>United States v. Johnson</u>, 962 F.2d 579 (7th Cir.

---

[3] See this Court's memorandum orders of July 6, 2000 (followed by this Court's August 17, 2001 statement as to why no certificate of appealability should issue and our Court of Appeals' denial of a like request on December 27, 2001), November 12, 2003, January 29, 2004, February 11, 2004 (affirmed by our Court of Appeals on November 30, 2004), March 10, 2004, May 13, 2004, August 16, 2005, March 27, 2007 and April 30, 2007.

4

1992)), he impermissibly attempts to use that vehicle to urge the retroactivity of <u>United States v. Booker</u>, 543 U.S. 220 (2005) and <u>Crawford v. Washington</u>, 541 U.S. 36 (2004) to invalidate his conviction and sentence. That approach cannot prevail, and Black's current petition is denied.

                                                      _____
                                                      Milton I. Shadur
                                                      Senior United States District Judge

Date: June 19, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL BLACK, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No.  98 CR 434-9 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

MEMORANDUM ORDER

On June 9, 2007 this Court issued a memorandum order (the "Order") denying the then most recent effort by Michael Black ("Black") to attack the sentence that had been imposed on him and that he is now serving--this time via a petition for a writ of audita querela.  Now Black, continuing to act pro se, has tendered two motions, one seeking leave to supplement his petition for that writ and the other seeking reconsideration and clarification of the Order.  Because consideration of the latter motion essentially obviates any need to deal in substantive terms with the former, which would not change the result in any event, this Court turns to the proposal for reconsideration and clarification.

To begin with, Black mistakenly asserts that the Order failed "to make specific findings of fact and conclusions of law," citing as authority for that contention Fed. R. Civ. P. 52(a).  But that requirement is simply inapplicable to a court's

writing such as the Order--one that dispatches a pleading for its legal insufficiency.

More substantively, Black purports to find in <u>United States v. Booker</u>, 543 U.S. 220 (2005) a holding that if accepted would invalidate <u>all</u> pre-<u>Booker</u> sentences, on the premise stated in Black's Motion for Reconsideration at 2-3:

> Therefore, the District Court had no statutory authority pursuant to 18 U.S.C. §3553(b)(1) to impose petitioner's sentence or issue his judgment and commitment. The lack of statutory authority to make particular order or judgment is akin to lack of subject-matter jurisdiction, and is subject to collateral attack. See <u>46 Am. Jur. 2d §24 Note 3</u>.

That is simply not the law. <u>Booker</u> has not emptied out the federal prisons by invalidating all sentences, no matter how old, that were imposed under the then-universal understanding that the Sentencing Guidelines were mandatory.

That then calls for the denial of Black's Motion for Reconsideration and Clarification. And because his Motion To Amend Pleading would do nothing more than advance the same contention that Black's sentence was rendered void by <u>Booker</u>, that motion is also denied.

_____
Milton I. Shadur
Senior United States District Judge

Date: July 9, 2007