IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff-Appellee, ) | |
| ) | |
| v. ) | No. 98 CR 434-9 |
| ) | |
| MICHAEL BLACK, ) | |
| ) | |
| Defendant-Appellant. ) | |

MEMORANDUM ORDER

On July 31, 2007 this court issued a memorandum and statement in connection with the notice of appeal that has been filed by Michael Black ("Black"). In part that memorandum directed Black to comply with the provisions of 28 U.S.C. §1915 ("Section 1915") if he were unable to pay the entire $455 in appellate filing fees in advance and had to seek in forma pauperis status. Now this Court has received from the Court of Appeals Black's motion to proceed in that fashion, erroneously filed in that court on August 3. Unfortunately Black's submission is inadequate to permit this Court to make the Section 1915 calculation of Black's required payment on account of the filing fees. Accordingly this memorandum order addresses that subject.

To begin with, Black's motion to proceed on appeal in forma pauperis--in the limited Section 1915 sense that the _entire_ filing fee need not be paid in advance--is being granted here _only_ if our Court of Appeals' doctrine that requires more than a

showing of financial inadequacy does not apply to Black's attempted appeal. If instead the granting of in forma pauperis status also depends on the existence of a nonfrivolous ground for appeal, Black has not satisfied that requirement for the reasons that this Court has previously stated in rejecting his current effort to obtain a writ of audita querela. This Court leaves that subject to the Court of Appeals for its determination.

As to the need for Section 1915 compliance, Black's affidavit has not been accompanied by a statement covering all transactions in his prison trust fund account for the entire <u>six</u>-month period preceding his notice of appeal (see Section 1915(a)(2)). Instead the printout from Devens FMC, the federal institution where he is now in custody, covers only the 3-1/2 month period from April 5, 2007 through July 24, 2007. It is unclear from that printout whether Black has been housed at Devens for the entire period beginning January 25, 2007 (in which case he must furnish a supplemental statement from that institution covering the earlier portion of the six-month period) or whether he was transferred there from some other institution (in which event he must furnish both a statement from Devens covering the entire post-January 25 period during which he has been in custody there and a statement from the other institution covering the earlier portion of the six-month period).

Accordingly Black is ordered to provide the additional trust

2

fund account statement or statements referred to here on or before August 24, 2007 to enable this Court to make the requisite Section 1915 calculation. In the meantime a copy of this memorandum order is being transmitted to the Court of Appeals for its information.

                                                           _____
                                                           Milton I. Shadur
                                                           Senior United States District Judge

Date: August 7, 2007