```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION
```

UNITED STATES OF AMERICA,            )
                                     )
     Plaintiff-Appellee,              )
                                     )
     v.                               )     No.  98 CR 434-9
                                     )    (USCA No. 07-2764)
MICHAEL BLACK,                        )
                                     )
     Defendant-Appellant.             )

MEMORANDUM ORDER

In response to this Court's attached July 31, 2007 Memorandum Order and Statement, pro se litigant Michael Black ("Black") has filed an In Forma Pauperis Declaration and a printout covering transactions in his trust fund account at FMC Devins ("Devins"), where he is now in custody.[1]  That printout shows that the average deposits to the trust fund account during the relevant six-month period (see 28 U.S.C. §1915(a)(2)[2]) came to $105, 20% of which (see Section 1915(b)(1)) is $21.

As the July 31 Order and Statement reflects (as did this Court's earlier June 19 and July 9, 2007 orders), this Court's view is that Black is not entitled to a certificate of

---

[1] Because Black did not transmit to this District Court a "Judge's copy" of his filing as the local rules require, this Court first learned of his August 21 filing on August 31, when it followed its regular practice of obtaining computerized printouts of all pending motions in cases on its calendar--a practice intended to avoid situations such as the current one, where the nondelivery of the required "Judge's copy" can result in a matter falling between the cracks.

[2] All further references to Title 28's provisions will simply take the form "Section--."

appealability because he has presented no nonfrivolous issue for consideration.  In the case of a civil appeal by a nonprisoner, our Court of Appeals' doctrine is that in forma pauperis status should be denied unless an applicant not only makes the appropriate showing of poverty but also demonstrates the existence of a nonfrivolous ground for appeal.

Although this Court views Black's present appeal as posing an equivalent situation, it is uncertain whether the Court of Appeals would treat Black's current appeal in the same way (in which event the provisions of Section 1915 might not come into play at all) or whether Section 1915 is indeed applicable (in which event this Court would be called upon to enter an appropriate order dealing with the required initial payment of $21 on account of fees and providing for future installments). To that end this memorandum order has been transmitted to the Court of Appeals so that it may rule on which of those courses of action is appropriate here.

_____
Milton I. Shadur
Senior United States District Judge

Date:  September 4, 2007

```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION

UNITED STATES OF AMERICA,        )
                                 )
     Plaintiff-Appellee,         )
                                 )
     v.                          )    No.  98 CR 434-9
                                 )
MICHAEL BLACK,                   )
                                 )
     Defendant-Appellant.        )
```

## MEMORANDUM ORDER AND STATEMENT

Michael Black ("Black"), acting pro se, has filed a notice of appeal from this Court's orders of June 19 and July 9, 2007[3] that rejected his most recent effort to attack the sentence that had been imposed on him and that he is now serving--this time via a petition for a writ of audita querela. Although it is unclear whether such an effort requires compliance with the certificate of appealability ("COA") provisions that apply to appeals from the denial of motions under 28 U.S.C. §2255,[4] this Court will address that subject out of what may be an abundance of caution.

But before it does so, this Court turns to Black's required compliance with Section 1915. Although an effort to obtain a writ of audita querela regarding a federal sentence may perhaps, like a Section 2255 motion, be treated as a continuing part of

---

[3] That July 9 order mistakenly referred to the earlier one as dated June <u>9</u>. Copies of both orders are attached.

[4] All further references to Title 28's provisions will simply take the form "Section--."

3

the underlying criminal case so that no filing fee is required, an appeal carries its own independent filing fee requirement, thus obligating Black to pay the $455 aggregate of such fees. Hence Black is ordered either to pay the $455 in fees or, alternatively, to submit pursuant to Section 1915:

   1. a completed In Forma Pauperis Application (copies of the form for that purpose are being sent to him together with a copy of this order) and

   2. a printout covering all transactions in his prisoner trust fund account for the six-month period preceding his notice of appeal.

If Black pursues the latter course, this Court will promptly determine his eligibility for in forma pauperis status and, if he is so eligible, the initial partial payment required pursuant to Section 1915(b)(1).

As for Black's possible need for a COA, this Court's June 19 and July 9 orders explain the lack of merit in Black's most recent attempt to challenge his conviction and sentence. It therefore declines to issue such a COA.

If a COA is indeed required before Black may proceed with his appeal, Black is of course entitled to apply to the Court of Appeals for that COA pursuant to Section 2253(c)(1). In the meantime, however, he is required to comply with the Section 1915 requirements set out at the outset of this order on or before

4

August 20, 2007 (unless in that instance he advises this Court that he has requested a printout of his trust fund account transactions but its production has been delayed). If he fails to conform to the provisions in this paragraph, this Court would expect to recommend to our Court of Appeals that the appeal be dismissed for nonpayment of the filing fees or of the initial payment on account of such fees, as the case may be.

```
                              _____
                              Milton I. Shadur
                              Senior United States District Judge
```

Date: July 31, 2007