```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION

UNITED STATES OF AMERICA,         )
                                  )
     Plaintiff-Appellee,          )
                                  )
     v.                           )    No.  98 CR 434-9
                                  )    (USCA No. 07-2764)
MICHAEL BLACK,                    )
                                  )
     Defendant-Appellant.         )
```

MEMORANDUM

For a number of years this Court has hoped against hope that the most recent of its seemingly innumerable memorandum opinions and memorandum opinions and orders (the most recent being issued on November 6, 2007) might be the last of its efforts to stem the tide of groundless post-conviction motions authored by Michael Black ("Black"). But Black's indefatigable nature has repeatedly dashed those hopes. This memorandum is issued because a current opinion from our Court of Appeals makes it plain that Black is compelled to turn to that court for permission before he can launch any further efforts.

On November 8 the Court of Appeals issued its opinion in <u>Curry v. United States</u>, No. 07-1658 that addressed and resolved "the recurring question of how the court of appeals should treat an appeal from the denial of a prisoner's motion under Fed. R. Civ. P. 60(b)," the vehicle that Black has now taken to invoking in an attempt to avoid the prohibition against filing a second or otherwise successive motion under 28 U.S.C. §2255 ("Section 2255") without prior permission from the Court of Appeals. As

Curry, slip op. at 2-3 has explained:

> Critically, it does not matter how the prisoner labels his pleading. Federal postconviction law is complex, and few prisoners understand it well. Often a prisoner will file a motion under Rule 60(b) of the civil rules, that is, a motion to reconsider a judgment, but the ground of the motion and the relief he seeks will mark the motion as functionally a petition for habeas corpus or a motion under section 2255, because it challenges the legality of his detention and seeks his release. If so, it will be treated as such. Gonzalez v. Crosby, 545 U.S. 524, 530-32 (2005). "Prisoners cannot avoid the...rules [governing federal post-conviction remedies] by inventive captioning....[T]he name makes no difference. It is substance that controls." Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004). Similar issues of characterization arise when a prisoner brings a civil rights suit but actually is asking for relief available only under sections 2254 or 2255. Cochran v. Buss, 381 F.3d 637, 639-40 (7th Cir. 2004); Montgomery v. Anderson, 262 F.3d 641, 643-44 (7th Cir. 2001).
>
> If a Rule 60(b) motion is really a successive postconviction claim, the district court will lack jurisdiction unless the prisoner has first obtained our permission to file it.

That discussion describes exactly what Black has taken to doing most recently. Accordingly this memorandum notifies Black that this Court will entertain <u>no</u> further attempts on his part to obtain the relief that he repeatedly seeks by challenging his conviction and the consequent sentence he is serving. Any such efforts would simply be dismissed for lack of jurisdiction. This does not of course preclude him from seeking permission from the Court of Appeals under Section 2255 ¶8.

                                             _____
                                             Milton I. Shadur
                                             Senior United States District Judge

Date: November 14, 2007