IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff-Appellee, ) | |
| ) | |
| v. ) | No. 98 CR 434-9 |
| ) | (USCA No. 07-2764) |
| MICHAEL BLACK, ) | |
| ) | |
| Defendant-Appellant. ) | |

## MEMORANDUM ORDER

As the direct result of the almost innumerable (and invariably groundless) filings by Michael Black ("Black") in an effort to overturn the lengthy sentence that he is now serving, the Executive Committee of this District Court entered a December 13, 2007 order prohibiting him from any further filings in this case. Over the past several years this Court has sought to be patient with Black, largely because of the severe physical disability under which he labors, but Black has been undeterred by the many explanations that this Court has provided as to why each of his efforts is without merit. Most recently this Court had turned down Black's petition for a writ of audita querela with an explanation of the substantive deficiencies of any such attempt, but on February 28, 2008 our Court of Appeals issued an order that--after reciting a number of Black's earlier efforts--said this Court should simply have dismissed Black's petition and his subsequent motion for reconsideration for lack of jurisdiction (see the attached photocopy of that Court of

Appeals order).

Now Black has tendered what he labels as his "Motion for Modification or Reduction of Sentence Pursuant to Title 18 U.S.C. §3582(c)(1)(B )(2)." In that motion he appears to be invoking November 1, 2007 amendments to the Guidelines by the Sentencing Commission, which the Commission has made retroactive--but those amendments (Nos. 706 and 711) relate to crack cocaine, and Black's offenses involved heroin. This Court is unaware of any Guideline amendment that could even arguably support relief for Black.

But enough of explanations--this current effort by Black is still another attempt at a successive 28 U.S.C. §2255 motion for which he has not sought the required permission from our Court of Appeals. It too is dismissed for lack of jurisdiction (Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004)).

                                              Milton I. Shadur
                                              Senior United States District Judge

Date: March 25, 2008

DC Judge

# United States Court of Appeals
For the Seventh Circuit
Chicago, Illinois 60604

Submitted October 26, 2007
Decided February 28, 2008

Before

DANIEL A. MANION, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 07-2764

| | |
|---|---|
| MICHAEL BLACK,<br>*Petitioner-Appellant,*<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>*Respondent-Appellee.* | Appeal from the United States District Court for the northern District of Illinois, Eastern Division<br><br>No. 98 CR 434<br>98 CR 434<br><br>Milton I. Shadur,<br>*Judge.* |

## ORDER

Michael Black is serving a 168-month sentence for commiting various drug and firearm offenses. He did not appeal, but filed his first collateral attack under 28 U.S.C. § 2255 in July 2001. The district court denied relief and this court denied his request for a certificate of appealability. No. 01-3177 (7th Cir. Dec. 20, 2001).[1] Since then, Black has filed numerous collateral attacks (and postjudgment motions attacking the results). *See, e.g.,* No.

---

[1] The government's jurisdictional memo inaccurately states that the CA-denial order issued on December 27, 2001.

07-1367 (7th Cir. Feb. 27, 2007) (denying Black's second § 2244(b) application); No. 05-2731 (7th Cir. June 21, 2005) (denying Black's first § 2244(b) application); No. 04-1350 (7th Cir. Nov. 30, 2004) (affirming district court's jurisdictional dismissal of Black's motion to reconsider the denial of his first § 2255 motion); No. 00 C 3248 (N.D. Ill. Aug. 16, 2005) (denying Black's third Rule 60(b) motion); No. 98 CR 434 (N.D. Ill. Mar. 27, 2007) (denying Black's motion purportedly filed under 28 U.S.C. § 753(f)); No. 98 CR 434 (N.D. Ill. Apr. 30, 2007) (denying another reconsideration motion).

Most recently, and at issue here, is Black's petition for a writ of audita querrela arguing claims under *United States v. Booker*, 543 U.S. 220 (2005), and *Crawford v. Washington*, 541 U.S. 36 (2004). Judge Shadur denied the petition because neither decision is retroactive to final criminal judgments. Black sought reconsideration, which Judge Shadur denied for the same reason. This result was incorrect; the judge ought to have dismissed the petition and the reconsideration motion for lack of jurisdiction. *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004).

Accordingly, we VACATE the judgment of the district court and REMAND the case for a jurisdictional dismissal. Black's motion to proceed on appeal in forma pauperis is DENIED.

In response to the district court's request for guidance in its order of September 4, 2007, we direct the court's attention to our decision in *Martin v. United States*, 96 F.3d 853 (7th Cir. 1996), where we held that the PLRA does not apply to habeas corpus petitioners.